Order of disposition, Family Court, Bronx County (Anne Marie Jolly, J., at fact-finding; Sidney Gribetz, J, at disposition), entered on or about November 7, 2012, which, upon a fact-finding determination that respondent mother had permanently neglected the subject child, terminated her parental rights, and committed custody and guardianship of the child to petitioner agency and the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
The court properly determined that the agency proved by clear and convincing evidence that it exerted diligent efforts to reunite the mother with the child, based on the testimony of the caseworker that regular visitation and meetings were scheduled, appropriate referrals were made for a mental health evaluation and therapy, and the agency maintained contact with the mother’s drug treatment program to monitor her progress (see Matter of Megan Victoria C-S. [Maria Esther S.], 84 AD3d 472, 473 [1st Dept 2011]).
The court properly found that the agency proved by clear and convincing evidence that the mother permanently neglected the child by failing to maintain contact with and plan for the child’s future. The mother admitted that she failed to maintain contact with the agency for long periods of time, and that at one point, she relapsed into drug use. Although she reentered a treatment program after detox, she failed to complete the program at the time the petition was filed, despite the fact that the child had been in foster care for almost two years. The mother also was not receiving mental health therapy, despite a diagnosis of bipolar disorder (see Matter of Danielle Nevaeha S.E. [Crystal Delores M.], 107 AD3d 527 [1st Dept 2013]).
The court properly determined that the agency proved by a preponderance of the evidence that it was in the best interests of the child to terminate the mother’s parental rights and com *411 mit custody and guardianship of the child to the agency and ACS, where she was residing in a satisfactory foster home, the foster mother wanted to adopt her, and the child did not want to visit the mother. A suspended judgment was not warranted because the mother had not made sufficient progress in overcoming her problems, although the child had been in foster care for many years (see Matter of Mykle Andrew P., 55 AD3d 305, 306 [1st Dept 2008]). Concur — Friedman, J.E, Renwick, Moskowitz, Richter and Feinman, JJ.